STATE ex rel WELBY, Plaintiff, v. TRIPP, Judge, Defendant.

(210 N. W. 155.)

(File No. 6312.    Opinion filed October 4, 1926.)

**Intoxicating Liquors—Injunctions.**

> Padlocking order against building in which one accused of violating Rev. Code 1919, § 10295, was conducting unlawful business, held not authorized during pendency of trial.

---

Note.—See, Headnote, American Key-Numbered Digest, Intoxicating liquors, Key-No. 263, 33 C. J. Sec. 402 (Anno).

Certiorari by the State, on the relation of Harry Welby, to review an order of R. B. Tripp, Judge of the Circuit Court in and for the County of Yankton. Order modified.

*A. L. Wyman,* of Yankton, for Plaintiff.

*H. A. Doyle,* of Yankton, and the Attorney General, for Defendant.

POLLEY. J. An action was commenced in Yankton county against one Harry Welby for violating the provisions of section 10295, R. C. 1919.

At the beginning of the action the plaintiff asked, and the court issued, a temporary restraining order enjoining the defendant from in any way engaging in the unlawful traffic in intoxicat-

ing liquor. In addition to the said restraining order the court directed the sheriff of the county to close the building in which the defendant was conducting the said unlawful business and to keep it closed during the pendency of the action; in other words, to "padlock" the building. Said defendant, who is relator herein, claiming that the court exceeded its jurisdiction in issuing the said padlock order, brings the matter here for review on a writ of certiorari.

We are of the opinion that the court, in ordering the building closed before the trial of the action, did exceed its jurisdiction.

Section 10295 authorizes the court, at the beginning of the action to issue an order ex parte, restraining the defendant from carrying on the unlawful business pending the action; and upon the trial of the action, if the court find in favor of the plaintiff, it may issue an order directing that the building be closed and kept closed for a period of one year "from the rendition of such judgment." This does not authorize the entry of such an order upon an ex parte showing or prior to the entry of final judgment.

We do not overlook the fact, as shown by the record, that the relator is an habitual and persistent violator of the prohibition law, but the order complained of must be modified to the extent of releasing the building until the trial of the case. It will be so ordered.

DILLON, J., not sitting.